IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


PATRICIA COOK                                                          PLAINTIFF


        v.                                    CIVIL NO. 02-6201


JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                         DEFENDANT


## MEMORANDUM OPINION

On November 4, 2002, plaintiff, Patricia Cook, appealed to this Court from the denial

of her application for social security disability benefits by the Commissioner of the Social

Security Administration (hereinafter "Commissioner") (Doc. #1).  On March 17, 2004, the

undersigned remanded this matter for further consideration, pursuant to sentence four, *42

U.S.C. § 405(g)* (Doc. #16 & 17).

Plaintiff's attorney, Shannon Muse Carroll, filed a Motion for An Award of Attorney

Fees Under The Equal Access to Justice Act, (hereinafter the *"EAJA"*), on May 3, 2004 (Doc.

#18 & 19).  The Commissioner responded to the motion for EAJA fees on May 27, 2004

(Doc. #20).  On June 9, 2004, the undersigned found that plaintiff's counsel was entitled to

an *EAJA* award in the amount of $2,031.25, to be paid in addition to, but not out of, any past-

due benefits which plaintiff may be awarded in the future (Doc. #21 & 22).      Now before

the Court is the counsel's Amended Motion For Attorney's Fees in the amount of $7,000.00[1],

---

[1]It should also be noted that in accompanying pleadings, counsel for the plaintiff has indicated that she seeks approval of a
fee  be in the amount of $7,060.00 (Doc. #26, p. 3 & Doc. #27, p. 2).

which represents 21.50 hours at the rate of approximately $325.00 per hour (Doc. #22, attachment #1 & 2).

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in *42 U.S.C. § 406(b)(1)*. The relevant portion of the statute reads:

> …the court may determine and allow as part of its judgment a reasonable fee
> … not in excess of 25 percent of the … past-due benefits to which the claimant
> is entitled by reason of such judgment.

As previously stated, this fee is payable out of, and not in addition to, the amount of plaintiff's past-due benefits.

**Discussion:**

Here, plaintiff's counsel alleges that plaintiff received an award of back benefits in the amount of $28,240.00, in support of her motion for attorney fees pursuant to *42 U.S.C.A. § 406(b)*.

The undersigned finds that counsel's motion is not sufficient to award fees. There is no evidence of record to establish that plaintiff prevailed upon remand. Likewise, there is no evidence in the record to establish the amount of plaintiff's award for past due benefits. While plaintiff's counsel purports to submit this information via her affidavit, such is sufficient proof neither that a party has prevailed, nor as to the amount of any past-due benefits. A copy of the favorable decision of the administrative law judge is an example of sufficient evidence to establish that plaintiff received a favorable decision upon remand. Likewise, a copy of the award letter from the Social Security Administration stating the exact dollar amount of past-due benefits is an example of sufficient evidence to establish the amount of past due benefits to which plaintiff is entitled. The

AO72A
(Rev. 8/82)

award letter from social security and the favorable decision of the administrative law judge should have been attached to the motion for attorney fees as evidence of Plaintiff's receipt of a favorable decision and as evidence of the amount of any past-due benefits.

**Conclusion:**

In light of the above-described deficiencies in the pleadings, the pending Motion for Attorney Fees pursuant to *42 U.S.C.A. § 406(b)* is denied and dismissed, without prejudice.

ENTERED this 31st day of August, 2006.

 /s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

3

**AO72A**
**(Rev. 8/82)**